SWANN, Judge
(dissenting).
I respectfully dissent from that portion of the majority opinion which holds that the petitioner was not entitled to a trial by jury before the Metropolitan Court for Dade County.
I am of the opinion that the order and opinion of former Circuit Judge Ray Pearson, in the case of Willie Lee Bishop v. The Metropolitan Court for Dade County and Honorable Arthur Maginnis, Judge, Case No. 65L-5211, Eleventh Judicial Circuit of Dade County, Florida, dated January 5, 1966, correctly sets forth the law to be followed in these matters.
The pertinent portions thereof state:
******
“* * * [T]his Court finds that Section 6.15(D), Charter of Metropolitan Dade County, Florida, as enacted by the legislature of the State of Florida states as follows:
“ ‘No person shall upon conviction for the violation of any county ordinance be punished by a fine exceeding $1,000 or imprisonment in the county jail for more than one year or by both such fine and imprisonment. If the offense is punishable by a fine exceeding $500 or imprisonment in the county jail for more than 60 days, the accused shall be entitled to a trial by jury upon demand.’
“The Home Rule Charter for Metropolitan Dade County, the above quoted provision being a part thereof, was adopted *394 at referendum by the people of Dade County on May 21, 1957, and is recorded in the Official Records Book, 182, Page 667, Public Records of Dade County, Florida. Thereafter, the County Commissioners of Metropolitan Dade County took cognizance of the quoted section and enacted Section 11-14 of the Code, which section states as follows:
“ Tf an offense punishable by a fine exceeding five hundred dollars or imprisonment in the county jail for more than sixty days, the accused is entitled to a trial by jury upon demand made at any time before the commencement of his trial.’
"Then, the County Commissioners enacted Section 30-15 of the Code, the relevant portion thereof stating as follows:
“ 'Every person who is convicted of a violation of subsection (a) shall for first conviction thereof be punished by imprisonment for not less than forty-eight hours nor more than sixty days or by a fine of not less than one hundred dollars nor more than five hundred dollars, or by both such fine and imprisonment.’
“The words, ‘or by both such fine and imprisonment’ give the Metropolitan Court the right to fine the Petitioner, as well as any member of the general public who is found guilty of violating Section 30-15, (driving while under the influence of intoxicating liquor) up to $500.00 and imprisonment of up to 60 days. Thus, whereas the Charter provision, Section 11-14, permits punishment of up to $500 or imprisonment up to 60 days, without the necessity of providing a jury trial, the Code, Section 30-15, provides for a fine of up to $500, or imprisonment for 60 days, ‘or by both such fine and imprisonment’, which the Metropolitan Court for Dade County has been interpreting to deny trial by jury to accused violators thereof. It is noteworthy that Section l-2(h) of the Code defines the word ‘shall’ as ‘always mandatory and not merely directory,’ which definition stresses the Charter provision, Section 6.15(D) that ‘the accused shall be entitled to a trial by jury upon demand’, where the ‘offense is punishable by a fine exceeding $500 or imprisonment in the county jail for more than 60 days.’ The word ‘exceeding’ can not be limited to the confined construction that it has been given in the Metropolitan Court, but a liberal construction, to which a Defendant is entitled, manifestly indicates that a fine of up to $500 together with imprisonment of up to 60 days is more than either a fine of up to $500 or imprisonment of up to 60 days. Further, the Metropolitan Court may impose an additional alternative jail sentence in lieu of imposition of a fine, which, while the Metropolitan Court has the right so to do, nevertheless, as a practical matter, a violator may conceivably be imprisoned for more than 60 days, and it was apparently the strong desire of the legislature to grant such Defendants the right to a trial by jury.
“The Court finds that the cases of Boyd vs. County of Dade, and Todd vs. County of Dade (Florida 1960) 123 So.2d 323 held that a defendant in the Metropolitan Court for Dade County was not entitled to a trial by jury based upon constitutional grounds, particularly the Declaration of Rights of the Constitution of the State of Florida. The points raised in the Petition for Writ of Mandamus are upon different grounds, and point out that the sections of the Code must bow to the Charter.
“Therefore, it is the conclusion of this Court that it is a mere ministerial duty for the Respondents to cause a trial by jury to be granted under the circumstances outlined hereinabove, and that the Respondents have the power to grant such a trial by jury, and that the right to a trial by jury is a very important and valuable right. This Court further concludes that there is no other plain, speedy or adequate remedy in the course of law, *395 and that the Respondents herein threaten to and will proceed with a non-jury trial of Case No. 4-002689, in the Metropolitan Court on January 10, 1966, against WILLIE LEE BISHOP, and that Petitioner is the real party of interest herein, and that the citizenry of Metropolitan Dade County, as well as all persons who are tried in the Metropolitan Court for such or similar offense, or subject to such or similar penalty have been and may he wrongfully denied the right of trial by jury.”
* * * * * *